# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRIGORIY N. VOROBEY and VERA VOROBEY, his spouse, | No. 4:18-CV-00865 |
| Plaintiffs. | (Judge Brann) |
| v. | |
| CLEVELAND BROTHERS EQUIPMENT CO. INC. and KEITH W. BRYSON, | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 31, 2018

This action was commenced in the Supreme Court of the State of New York, County of Erie on May 31, 2017. It was subsequently removed to the United States District Court for the Western District of New York on November 2, 2017,[1] and transferred to this Court on April 5, 2018.[2] On May 29, 2018, Defendants Cleveland Brothers Equipment Co., Inc. and Keith W. Bryson filed a Motion for Partial Judgment on the Pleadings.[3] Plaintiffs Grigoriy N. Vorobey and Vera

---

[1] ECF No. 1.

[2] ECF Nos. 17-18.

[3] ECF No. 26.

Vorobey filed a Motion for Leave to File a Second Amended Complaint on June 29, 2018.[4] Both of these motions are opposed.[5]

Plaintiffs were involved in a multi-vehicle accident with fatalities in Tioga County, Pennsylvania on August 3, 2016. On that date, Defendant Keith W. Bryson was the operator of a motor vehicle owned by co-Defendant Cleveland Brothers Equipment Co., Inc.[6] Defendant Bryson operated this vehicle with the consent of Defendant Cleveland Brothers and in the ordinary scope of his employment.[7] On State Route 15 in the Town of Bloss, Tioga County, Defendant Bryson came into contact with Plaintiffs' vehicle, and, as a result of this negligent act, caused other vehicles to also come into contact with Plaintiffs' vehicle.[8] In Defendants Bryson and Cleveland Brothers' Motion for Judgment on the Pleadings, they request that this Court dismiss Plaintiffs' request for punitive damages and claim for negligent/reckless entrustment based on insufficient factual matter.[9] Plaintiffs thereafter filed a Motion for Leave to File a Second Amended Complaint fully compliant with the federal venue and jurisdiction requirements.[10]

---

[4] ECF No. 32.

[5] ECF Nos. 27, 33, & 34.

[6] ECF No. 32-1 ¶¶ 5–6.

[7] *Id.* ¶ 7.

[8] *Id.* ¶¶ 10–11.

[9] *See generally* ECF No. 26.

[10] ECF No. 32.

For purposes of judicial economy, the Court will first address Plaintiffs' Motion for Leave to File a Second Amended Complaint. Indeed, granting such leave would necessarily render the amended complaint a nullity and the pending motion for judgment on the pleadings moot.[11] Under Federal Rule of Civil Procedure 15(a), this Court "should freely give leave" to amend a complaint "when justice so desires." Leave to amend may be denied when plaintiff has engaged in undue delay or bad faith, or when amendment would be futile or would prejudice the defendant.[12] Here, Defendants Bryson and Cleveland Brothers oppose Plaintiff's request for leave to amend, arguing that such amendment would be futile as the Second Amended Complaint, as written, does not support their claim for punitive damages.[13] At this stage of the proceedings, I disagree.

Under Pennsylvania law, punitive damages are only available to compensate "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."[14] Fundamentally, punitive damages are penal in nature; the objective is to punish a tortfeasor for his outrageous

---

[11] *See Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017)("in general, an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading").

[12] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (emphasis added).

[13] *See* ECF No. 34.

[14] *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (citing *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).

conduct and to deter him from similar conduct in the future.[15] Accordingly, a punitive damages claim must be supported by sufficient evidence to establish: (1) that the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed; and (2) that he acted or failed to act in conscious disregard of that risk.[16]

Having reviewed the proposed Second Amended Complaint in the light most favorable to Plaintiffs, I find that allowing amendment through the filing of this complaint would not be futile. While Defendants argue that Plaintiffs' allegations fall short of the showing of recklessness necessary to sustain punitive damages, I note the relative nascent nature of this litigation and this Court's expressed hesitance to dismiss such damages prior to meaningful discovery.[17] Here, without the benefit of such discovery, Plaintiffs' allegations of recklessness against Defendants Bryson and Cleveland Brothers suffice under the plausibility standard. Furthermore, given this finding that amendment would not be futile and that Plaintiffs' Second Amended Complaint may be filed, Defendants' Motion for Judgment on the Pleadings, based on an inoperative amended complaint, is denied as moot.

---

[15] *See id.*; *see also SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).

[16] *See Feld*, 485 A.2d at 1097-98.

[17] *See, e.g., Miller v. Helm*, No. No. 17-01590, 2017 WL 6405738, at *7 (M.D.Pa. Dec. 15, 2017); *Campbell v. Balon*, No. 16-779, 2017 WL 2880856, at *19 (M.D.Pa. July 6, 2017); *Cerreta v. Red Roof Inns*, No. 16-0706, 2016 WL 4611689, at *3 (M.D.Pa. Sept. 6, 2016); *Cobb v. Nye*, Civil Action No. 14-CV-0865, 2014 WL 7067578 (M.D. Pa. Dec. 12, 2014).

For these reasons, Plaintiffs' Motion for Leave to File a Second Amended Complaint will be granted, and Defendants' Motion for Judgment on the Pleadings will be denied as moot. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge