# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRIGORIY N. VOROBEY and VERA VOROBEY, | No. 4:18-CV-00865 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| CLEVELAND BROTHERS EQUIPMENT CO., INC, and KEITH W. BRYSON, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 7, 2018

**I.   BACKGROUND**

On May 31, 2017, Plaintiffs, Grigoriy N. Vorobey and Vera Vorobey, (hereinafter collectively "the Vorobeys"), filed a complaint against Defendants, Cleveland Brothers Equipment Company, Incorporated (hereinafter "Cleveland Brothers") and Keith W. Bryson (hereinafter "Bryson") in the Supreme Court of the State of New York, County of Erie.  On November 2, 2017, the action was removed to the Western District of New York; then on April 23, 2018 it was transferred to the undersigned.

After a motion for judgment on the pleadings resulted in Plaintiffs filing a second amended complaint, Defendants filed a motion "To Dismiss/Strike Plaintiffs' Second Amended Complaint Pursuant To Fed.R.Civ.P. 8(a)(2) And

12(f), Or In The Alternative, Motion For Partial Dismissal Pursuant To Fed.R.Civ.P. 12(b)(6) And For A More Definitive Statement As To The Alleged Violations Of Statutes And Regulations Pursuant To Fed.R.Civ.P. 12(e)." This motion has been fully briefed. For the reasons that follow, the motion will be granted in part and denied in part and Plaintiff provided leave to amend yet again.

## II. DISCUSSION

### A. Facts Alleged

In the second amended complaint, predicated on diversity jurisdiction, Plaintiffs allege, as follows. Grigoriy and Vera Vorobey are spouses who reside in North Tonawanda, New York.[1] Cleveland Brothers "is a multistate corporation that sells and services construction equipment…[and] also hauls large construction equipment, machinery, vehicles, and parts."[2] Bryson is an employee of Cleveland Brothers.[3] On August 3, 2016, Bryson was travelling in a Freightliner service truck owned by Cleveland Brothers and failed to slow the vehicle in response to traffic stopped in front of him on State Route 15 in Bloss Township, Tioga County, Pennsylvania.[4] Bryson's truck struck a Honda automobile, which struck a Ford

---

[1] ECF No. 37 at ¶ 2.

[2] *Id.* at ¶ 5.

[3] *Id.* at ¶ 7 and 9.

[4] *Id.* at ¶ 8.

Taurus car, which in turn struck the Vorobeys' vehicle.[5] The force of the accident was such that two individuals perished and Grigoriy Vorobey was injured.[6]

**B. Motion to Strike**

Rule 8 of the Federal Rules of Civil Procedure limits plaintiffs to a "short and plain statement of the claim." Rule 12 allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[7]

Defendants argue that: "The paragraphs in Plaintiffs' Second Amended Complaint setting forth the alleged details of the accident obviously were pulled from the lengthy police report, the police officers' deposition testimony and the expert reports in the pending state court case."[8] "For Defendants to respond to each of these allegations, they will be forced to admit or deny what are essentially statements and opinions by accident reconstructionists."[9] "The same is true as to Plaintiffs' direct claims of negligence against Defendant Cleveland Brothers which include detailed references to safety publications handed out or provided to its

---

[5] *Id.*

[6] *Id.*

[7] Fed. R. Civ. P. 12.

[8] ECF No. 38 at 7.

[9] *Id.*

drivers (¶¶ 38, 44 of Exh. B); how many safety meetings it was holding; the alleged number of times Bryson reported noises coming from the Vnomics unit and what he allegedly stated each time (including quotes) (¶¶ 49-60 of Exh. B); and details of a prior 2013 accident taken from deposition testimony and the police report for said accident (¶¶ 33-60 of Exh. B)."[10] "In order to answer Plaintiffs' Second Amended Complaint, as presently pleaded, Defendants will be required to respond to evidence from another lawsuit and which Plaintiffs have interjected into this case by pleading it in their Second Amended Complaint."[11]

In their colorful brief opposing the motion to strike, which is heavy on inflammatory rhetoric and light on precedent, Plaintiffs disclose that "the Second Amended Complaint tracks, nearly word for word, the Second Amended Complaint filed by Attorney Jamie Anzalone …docketed…in the Court of Common Pleas of Luzerne County in the matter of Andrew P. Puhlick and Nicole Puhlik v. Keith Bryson and Cleveland Brothers Equipment Company, Inc."[12] "That Complaint involves a different injured party from the same accident."[13] Because Defendants have had to answer the complaint as written in the state court

---

[10] *Id.*

[11] *Id.* at 8.

[12] ECF. No. 40 at 3-4.

[13] *Id.* at 4.

proceedings, Plaintiffs argue that, likewise, Defendants should answer by "cut[ting] and [past]ing"[14] their answers from those other matters.

The Federal Rules of Civil Procedure establish a system of notice pleading, unlike the state courts of Pennsylvania which require a heightened standard of fact pleading. The Federal Rules do this intentionally. "The simplified notice pleading standard of the Federal Rules relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."[15] Plaintiffs tactic of copying nearly word for word a complaint filed in a state court by other counsel is neither a preferred nor a suggested practice in this Court.

That said, "While 'courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored,' and courts are reticent to grant them."[16] Motions to strike are decided on the pleadings alone and should not be granted unless the relevant insufficiency is "clearly apparent."[17] This Court has previously recognized that, "there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the

---

[14] *Id.* at 5.

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 585 (2007) (internal citation omitted).

[16] *Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 98 (M.D. Pa. 2016) (Nealon, J.).

[17] *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986).

subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."[18]

While the allegations taken from police reports and Bryson's prior testimony may be onerous for Defendants to respond to, the allegations are far from having 'no possible relation to the controversy.' To the contrary, there is not a sufficient basis to strike the relevant allegations as stated.

Insofar as the motion is a motion to strike, this portion of the motion is denied.

### C. Motion to Dismiss

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[19] a court assumes the truth of all factual allegations in a plaintiff's complaint and draws all inferences in favor of that party;[20] the court does not, however, assume the truth of any of the complaint's legal conclusions.[21] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the Defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[22]

---

[18] Trivedi v. Slawecki, No. 11–cv–2390, 2013 WL 1767593 *2 (M.D.Pa. Apr. 24, 2013) (Brann, J.) (quoting 5C Charles Alan Wright & Arthur R. Miller, *573 Federal Practice And Procedure § 1382 (3d ed.)).

[19] Federal Rule of Civil Procedure 12(b)(6).

[20] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[22] *Id.*

In support of their motion to dismiss, Defendants argue that: "throughout Plaintiffs' Second Amended Complaint, they plead that Defendant Cleveland Brothers was negligent and reckless for failing to train or retrain, suspend, investigate, or discipline Defendant Bryson and other drivers after 'preventable accidents.'"[23] "Although Plaintiffs generally reference the Federal Motor Carrier Safety Regulations and DOT Regulations in their Second Amended Complaint, notably, they fail to cite to what regulation or statute requires an employer of a driver of a commercial vehicle to train, retrain, suspend, investigate, or discipline drivers, including after a 'preventable accident.'"[24] "This is because there is no regulation or statute that required Cleveland Brothers to train, retrain, suspend, investigate or discipline Defendant Bryson, or any other drivers, after 'preventable accidents.'"[25] "Defendants also submit that Plaintiffs will not be able to cite to any case law that supports that an employer of a driver operating a commercial vehicle has a common law duty to train, retrain, suspend, investigate, or discipline drivers, including after a 'preventable accident.'"[26] "Stated otherwise, Cleveland Brothers owed no duty to Plaintiff to train, retrain, suspend, investigate or discipline Defendant Bryson after the 2013 accident, which Plaintiffs refer to as

---

[23] ECF No. 38 at 9.
[24] ECF No. 38 at 10.
[25] *Id.*
[26] *Id.*

'preventable.'"[27] "Because Defendant Cleveland Brothers owed no duty to Plaintiffs to train, retrain, suspend, investigate or discipline Defendant Bryson, or any other drivers, after 'preventable accidents,' all such claims should be stricken/dismissed from Plaintiffs' Second Amended Complaint."[28]

Plaintiffs brief opposing the motion does not identify the source of the duty for Cleveland Brothers to "train, retrain, suspend, investigate, or discipline Defendant Bryson." Plaintiffs also fail to set forth how they oppose this argument in Defendants motion. Because "issues not briefed are deemed waived,"[29] I will grant Defendants motion to dismiss these allegations.

Next, Defendants argue that "Plaintiffs' multiple references to 'preventable accidents' and investigations and discipline as a result of them is not only an improper pleading of evidence, but of purported evidence that is clearly inadmissible."[30] "The term 'preventability determination' is a term of art and is used in reference to accidents involving commercial vehicles."[31] "Importantly, when a preventability determination is performed, it is inadmissible in a civil case. See 49 U.S.C. 504(c) (providing '[n]o part of a report of an accident occurring in

---

[27] *Id.*

[28] *Id.*

[29] *United States v. Healy*, No. 1:CR-09-319, 2013 WL 1624310, at *1 (M.D. Pa. Apr. 15, 2013) (Rambo, J.).

[30] *Id.* at 11.

[31] *Id.*

operations of a motor carrier . . . may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report or investigation.').")[32] "As such, all references and allegations as to 'preventable' collisions or accidents should be stricken from Plaintiffs' Second Amended Complaint since it is referencing inadmissible evidence."[33]

In response, Plaintiffs have offered to "'swap'[] the term 'avoidable' for 'preventable' where alleged."[34] I am satisfied that this is an appropriate solution to remove this particular term of art from the complaint and replace it with the word 'avoidable.' Accordingly, Plaintiff is to file a third amended complaint that replaces the word 'preventable' with the word 'avoidable' where appropriate. Plaintiffs' allegations of negligence for failure to train, retrain, suspend, investigate or discipline Defendant Bryson are dismissed.

**D. Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion for a more definite statement is addressed to the sound discretion of the court, and will not be granted unless the defendant cannot

---

[32] *Id.*

[33] *Id.*

[34] ECF No. 40 at 6.

reasonably be expected to frame a responsive pleading."[35] "In general, 'a motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail.'"[36] "Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief."[37] "A party making a Rule 12(e) motion must 'point out the defects complained of and the details desired.'"[38] "The prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion 'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'"[39] "The basis for granting such a motion is unintelligibility, not lack of detail."[40]

Here, Defendants argue that a more definite statement is necessary. They contend that: "Plaintiffs plead that Defendants were negligent in not following the

---

[35] *Robinson v. Penn Cent. Co*., 336 F. Supp. 658, 659 (E.D. Pa. 1971); *see also* Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1377 (3d ed.).

[36] *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F.Supp.2d 513, 521 (E.D. Pa. 2012) *quoting Frazier v. SEPTA*, 868 F.Supp. 757, 763 (E.D.Pa.1994).

[37] *Pozarlik v. Camelback Assocs., Inc.*, No. 3:11-CV-1349, 2011 U.S. Dist. LEXIS 137310, 2011 WL 6003841, at *2 (M.D. Pa. Nov. 30, 2011)(Caputo, J.).

[38] *MK Strategies, LLC v. Ann Taylor Stores Corp*., 567 F. Supp. 2d 729, 736 (D.N.J. 2008) *citing* Fed.R.Civ.P. 12(e).

[39] *MK Strategies, LLC*, at 736 *quoting Clark v. McDonald's Corp.,* 213 F.R.D. 198, 232-33 (D.NJ. 2003).

[40] *Wood & Locker, Inc. v. Doran & Assoc*., 708 F.Supp. 684, 691 (W.D.Pa.1989).

Federal Motor Carrier Safety Regulations and DOT[41] Regulations. See ¶¶ 29(j), 61(f) and 61(g) of Plaintiffs' Second Amended Complaint, Exh. B."[42]  "Plaintiffs also plead that Defendant Cleveland Brothers was negligent for failing to 'enforce DOT regulations concerning the hours and distance which its drivers may be on the road" and "failing to inspect or enforce DOT and/or internal safety regulations and procedures for 2006 Freightliner service truck.' See ¶¶ 61(f) and 61(g) of Plaintiffs' Second Amended Complaint, Exh. B."[43]  "The allegations as to hours of service and distance should be stricken because there are absolutely no facts pleaded in the Second Amended Complaint to support that Defendant Bryson was in violation of any such rules or regulations. See Plaintiffs' Second Amended Complaint, Exh. B."[44]  "For instance, it is not pleaded that he had driven for a number of hours that is impermissible under the regulations, not taken appropriate breaks, etc."[45]  "Without any facts whatsoever to support that Defendant Bryson violated any regulations on hours of service or distance, such claims should be dismissed."[46]  "Plaintiffs' allegation as to failing to inspect or enforce DOT

---

[41] Department of Transportation.
[42] ECF No. 38 at 12.
[43] *Id.*
[44] *Id.* at 12-13.
[45] *Id.* at 13.
[46] *Id.*

regulations also is so vague and broad that there is no way for Defendants to conceivably know what Plaintiffs are averring that they did or failed to do."[47]

Plaintiffs' response is deficient. Instead of citing to proper and, ideally, persuasive authority, Plaintiffs instead choose to attack Defendants for having filed the motion and to point out how the matter is being handled in the Court of Common Pleas. Accordingly, the motion will be granted insofar as it deals with the offending paragraphs discussed above. I agree with Defendants' that certain of the allegations are overly broad.[48] Defendants are placed in the unenviable position of attempting to truthfully answer the complaint, while faced with sweeping and broad averments regarding compliance with DOT regulations and industry standards that may well be wholly unrelated to the instant matter (whether Cleveland Brother's employees had physical examinations or whether they were colorblind, for example).

So that Defendants can accurately answer the complaint, Plaintiffs will be directed to specifically detail which DOT regulations Defendants are alleged to have failed to comply with. Furthermore, if Plaintiff does not intend to pursue claims that Bryson worked in excess of distance or hours regulations, Plaintiffs should strike those paragraphs. However, if Plaintiffs have some evidence from

---

[47] *Id.*

[48] *See e.g.*, *Pozarlik*, *supra*, and *Gregg v. LoneStar Transp., LLC,* No. CIV.A. 3:14-44, 2015 U.S. Dist. LEXIS 27680, 2015 WL 1003911, at *5 (W.D. Pa. Mar. 6, 2015).

their frequently cited "three [other] Luzerne County matters"[49] to support their allegation that Bryson had worked in excess of distance or hours requirements, these paragraphs may remain in the third amended complaint.

## III. CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is granted and Plaintiff is granted leave to amend. It is long-established law in this Circuit that leave to amend should be "freely granted."

> "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) ("*Burlington*"); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir.1993). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Burlington*, 114 F.3d at 1434. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*; 3 Moore's Federal Practice, supra § 15.15[3], at 15–47 to –48 (3d ed.2000). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.
>
> The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought. Circuit case law, however, holds that leave to amend must be given in this situation as well. In *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir.1976), this court stated that a district court should use the following procedure in dismissing a complaint for failure to state a claim:
>
>> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not

---

[49] ECF No. 40.

> forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate. Borelli, 532 F.2d at 951 n. 1.[50]

Plaintiff will therefore be given fourteen days from today's date to file a third amended complaint. If no amended complaint is filed, the action will be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[50] *Shane v. Fauver*, 213 F.3d 113, 115–16 (3d Cir. 2000).